B. R. WALDRON & SONS CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, AND AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, A CORPORATION OF THE COMMONWEALTH OF PENNSYLVANIA, INTERVENOR-APPELLANT, v. LOUIS VENEZIA AND ANNE VENEZIA, AND HENRY KEMPLER, DEFENDANTS-RESPONDENTS.

Argued October 26, 1959—Decided November 23, 1959.

*Mr. Charles B. Collins* argued the cause for intervenor-appellant (*Messrs. Carpenter, Bennett & Morrissey,* attorneys; *Mr. Charles B. Collins,* of counsel; *Messrs. Allan G. Freund* and *Laurence Reich,* on the brief).

*Mr. Samuel A. Larner* argued the cause for defendants-respondents (*Messrs. Budd, Larner & Kent,* attorneys for defendant-respondent, Henry Kempler; *Messrs. Stout & O'Hagan,* attorneys for defendants-respondents, Louis Venezia and Anne Venezia; *Mr. Samuel A. Larner,* of counsel).

The opinion was delivered

PER CURIAM. B. R. Waldron & Sons Co. started an action by attachment against Anne and Louis Venezia, husband and wife. Defendants are residents of New Jersey. The claimed basis for attachment was fraud in the inception of the claim and a purpose to dispose of the property. Anne, the owner of the real estate attached, filed a motion (1) to vacate the attachment because of the alleged insufficiency of the underlying affidavits and (2) to dismiss the complaint as to her on the ground that it fails to set forth a claim for relief. Louis, husband of Anne, joined only in that part of the motion which sought to quash the writ. While the motion was pending, Waldron's claim was compromised, and to obtain the necessary funds Anne and her husband sold the property to Henry Kempler. Title was closed and the deed recorded on December 15, 1958. Two days later, American Casualty Company of Reading, Pennsylvania, desiring to intervene as an applying creditor, obtained the consent of Waldron's attorney to an order admitting it. Why Waldron's attorney undertook to consent in the foregoing posture of matters is unexplained.

Kempler then moved to vacate the order of December 17 admitting American Casualty and the Venezias joined in the motion. The motion was granted and the resulting order is the subject of the appeal. We certified the matter on our motion before the Appellate Division considered it.

It is conceded that Louis' inchoate right of curtesy was not subject to separate levy and sale and hence the appeal revolves about Anne's interest.

R. R. 4:77-3 provides in part that a defendant in an attachment action "at any time before final judgment, may enter an appearance in the action, in which event (a) no applying claimants may thereafter intervene * * *." The single issue which need be considered in this case is whether Anne's motion constituted an "appearance" within the meaning of the rule, for if it did, American Casualty could not have intervened thereafter.

The rules do not provide for the filing of a separate document to evidence an appearance. An appearance may therefore result from any step in the cause which has that legal effect. Anne insists she intended to appear by her motion and, being a resident, that purpose is perfectly plausible. In short, she was not seeking to avoid the jurisdiction of the court *in personam* but rather sought to lift a lien on her property which she believed to .be unwarranted by the affidavits filed. But apart from her factual insistence we are satisfied that her motion to strike the complaint, involving an effort to obtain relief on the merits, constituted an appearance within the meaning of the rule. See *Trautman v. Higbie,* 10 *N. J.* 239, 243 (1952).

American Casualty argues that the motion to strike the complaint did not constitute an appearance because Anne concurrently pressed her objection to jurisdiction over the *res*. It is argued that *R. R.* 4:12–2 applies directly or provides a compelling analogy. The contention is that under the latter rule a defense addressed to the merits does not constitute a "general" appearance if a challenge to jurisdiction is appropriately made or reserved. We recently dealt with that rule in *Allen B. Du Mont Laboratories, Inc. v. Marcalus Mfg. Co.,* 30 *N. J.* 290, 302 (1959), where we said:

"It is not helpful to think in terms of a 'general' appearance as against a 'special' one; indeed special appearances have been superseded. The problem is ultimately one of waiver, express or implied. An answer to the merits constitutes a 'general' appearance, but under *R. R.* 4:12–2 a general appearance may be made without loss of an objection to jurisdiction of the person if the objection is included in the answer or is made by prior motion. *Swanson v. Swanson,* 8 *N. J.* 169, 181 (1951). The issue which has arisen in other cases is whether the objection is lost if a defendant, without prior assertion of the objection, seeks some judicial action on the merits. In such circumstances, a waiver of the objection has been found, not because analytically a general appearance occurred, but rather because the objection was waived either by conduct evidencing an intent to waive or by failure to press the objection timely and in the mode provided by the rules. * * *"

Hence recourse to *R. R.* 4:12–2, if we assume it to be applicable to an attachment suit, could not support the posi-

tion of American Casualty that the motion to strike the complaint is something less than an appearance in the cause merely because of a simultaneous attack upon the attachment.

The judgment is accordingly affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR and HALL—5.

*For reversal*—None.